IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

DENNIS and PAMELA MONTOYA,
on behalf of J.M.,

      Plaintiffs/Appellees,

v.                                                         No. CIV 06-200 and 06-209 BB/LAM

MARY AGNES MARTINEZ and
ESPANOLA PUBLIC SCHOOLS, et al.,

      Defendants/Appellants.

## MEMORANDUM OPINION AND ORDER

The matter before the Court is a motion to dismiss (Doc. 31) filed by Plaintiffs/Appellees ("Plaintiffs"). As explained below, Defendants/Appellants ("Defendants") timely filed their civil action pursuant to 20 U.S.C. § 1415(i)(2) (2004). Plaintiffs' motion to dismiss is, therefore, denied.

## BACKGROUND

Plaintiffs are the parents of J.M., a student allegedly eligible for special education services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* On May 17, 2005 Plaintiffs filed a request for a special education due process hearing with the New Mexico Public Education Department ("NMPED"), pursuant to Section 1415(i) of the IDEA and New Mexico's special education regulations, NMAC 6.31.2.13(I). A Due Process Hearing Officer ("DPHO") conducted the requested due process hearing on September 12 to 14, 2005, and ruled in favor of Plaintiffs. Defendants appealed the DPHO decision by submitting a request to the

1

NMPED petitioning for an administrative appeal pursuant to NMAC 6.31.2.13(I)(16) (2000).  Subsequently, the NMPED assigned an Administrative Appeal Officer (AAO), who issued a final decision on February 14, 2006.  On March 16, 2006, Plaintiffs filed a civil rights complaint in this Court, Case No. CIV-06-200.  Four days later, on March 20, 2006, Defendants also filed a complaint in this Court, Case No. CIV-06-209, seeking appeal of the AAO's administrative decision.  These two cases have been consolidated.  Following consolidation of the cases, Plaintiffs filed a motion to dismiss Defendants' complaint pursuant to Federal Rule of Civil Procedure 12.  The basis for Plaintiffs' motion to dismiss is their contention that Defendants failed to file their civil action within thirty days of the AAO's decision, and therefore this Court lacks subject matter jurisdiction.  Defendants, on the other hand, contend the deadline for filing their civil action was ninety days following the AAO's decision.  In the alternative, Defendants maintain that Fed. R. Civ. P. 6(e), the so-called three-day mailing rule, should apply to this case.

## DISCUSSION

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) requires the party opposing the motion to prove jurisdiction in order to survive the motion.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  Time limits for filing a civil action in federal court, seeking review of an administrative decision, are jurisdictional and not discretionary. *Mesa Airlines v. U.S.,* 951 F.2d 1186, 1187 (10th Cir. 1991); *Selco Supply Co. v. EPA,* 632 F.2d 863, 864-65 (10th Cir. 1980) (sixty days for appeal of EPA order jurisdictional).

As noted above, the question in this case is whether Defendants had thirty days or ninety days in which to file their civil action, under the IDEA and New Mexico's special education regulations. Due to the procedural posture of this case and the fact that Congress and the NMPED have both amended their respective statutes and regulations, this is not a straightforward issue.

Plaintiffs filed their request for a due process hearing in May of 2005. At that time, the 1997 version of IDEA and the 2000 version of the New Mexico special education regulations were in effect, and neither the statute nor the regulations contained a time limitation restricting a party's right to bring a civil action challenging an administrative decision. Less than two months later, on July 1, 2005, an amendment to IDEA went into effect,[1] allowing such a civil action to be filed within "90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such a time as the State law allows." *See* 20 U.S.C. § 1415(i)(2)(B). This amendment does not contain a temporal restriction limiting the cases to which it will apply; Congress merely established the effective date as July 1, 2005. Effective July 29, 2005, NMPED also amended its special education regulations to allow thirty days within which a party may file a civil action such as the one at issue in this case. The amended regulation specifically states that "the procedures in this subsection I of 6.31.2.13 NMAC shall govern due process requests received by SEB after July 29, 2005."

---

[1] Congress passed the amendments in 2004, but delayed the effective date until July 1, 2005.

**Whether 2004 Amendment to the IDEA Applies to This Case:** The first issue to be addressed is whether the 1997 IDEA or 2004 IDEA applies to this case. This in turn depends on whether the amendment which took effect on July 1, 2005, applies to administrative proceedings that had been filed prior to that date and were still pending on the effective date of the amendment. In deciding whether to apply statutory amendments to already-pending proceedings, "...the court first looks to see whether the legislature clearly indicated what the temporal reach of the new law should be. If no such clear indication exists, a procedural change in the law may be applied retroactively, but a substantive change will be prospective only." *Payton v. County of Carroll*, 473 F.3d 845, 852 (7th Cir. 2007), *citing Landgraf v. USI Film Prods.*, 511 U.S. 244, (1994). In *Landgraf*, the Supreme Court stated:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect...

*Id*. at 280.

When Congress amended the IDEA in 2004 it gave no clear indication of the temporal reach of those changes, stating only that the amendments would take effect July 1, 2005. The amended IDEA says nothing about its potential application to cases or administrative proceedings filed prior to the effective date of the amendments. Absent such an express prescription by Congress, this Court must determine whether retroactive application of the 2004 amendments to the already-pending administrative proceedings is permissible. The key issue in determining whether or not a new statute, or an

amendment to a statute, should be given retroactive effect is whether the change in the law is substantive or procedural in nature. This is because "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Landgraf*, 511 U.S. at 275. As the *Landgraf* Court further explained, since "... rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." *Id.*; *see also Payton, supra*, 473 F.3d at 852.

Changes in statutes of limitations or in appellate processes are generally considered to be procedural rather than substantive, at least for retroactivity purposes. *See Fust v. Arnar-Stone Labs Inc.*, 736 F.2d 1098, 1100 (5th Cir. 1984) (statute of limitations); *United States v. Haughton*, 413 F.2d 736, 738 (9th Cir. 1969) (amendment abolishing right to hearing of administrative appeal procedural, and applies retroactively). Furthermore, the IDEA's limitation on the time in which a party may bring a civil action challenging an administrative decision is at least analogous to a statute of limitations, if it is not in fact considered such a statute. *See Selco Supply Co., supra*, 632 F.2d at 864-65 (characterizing the time limit in which to appeal an EPA decision as a statute of limitations). Finally, the 2004 amendment to the IDEA does not create new legal consequences based on events completed before the effective date of the amendment, impair any substantive rights of either party, or impose new duties with respect to already-completed transactions. Instead, the amendment simply establishes a time limit in which a party dissatisfied by an administrative decision may file a civil action challenging that decision, a change in the law which has no substantive effect on

the rights or obligations of any party. Therefore, the amendment is considered procedural and will be given retroactive effect, even to administrative proceedings, such as this one, that were already pending on the effective date of the amendment. *See Turner v. United States*, 410 F.2d 837, 841-42 (5th Cir. 1969) (right to hearing on administrative appeal abolished; new procedures applied to pending appeals); *Valerie J. v. Derry Coop. Sch. Dist.*, 825 F.Supp. 434, 437 (D.N.H. 1993) (new state limitations period allowing thirty days for filing administrative appeal, applied to IDEA civil action that was already pending); *see also Daniels v. U.S.*, 254 F.3d 1180, 1187 (10th Cir. 2001) (statute will apply retroactively unless it changes a party's rights, obligations, or duties arising out of events occurring before the statute was enacted); *United States v. Vanella*, 619 F.2d 384, 386 (5th Cir. 1980) (changes in a statute that are purely procedural usually apply to pending cases, absent contrary congressional intent).[2]

**Whether the 2005 Changes to the Special Education Regulations Apply to this Case:** As pointed out above, under the 2004 IDEA amendment, a party has ninety days in which to file a civil action only if state law provides no "explicit time limitation" for filing such an action. If the state has established such a limitation, the state's limitation period will override the ninety-day period created by Congress. *See* § 1415(i)(2)(B). Plaintiffs argue that Defendants cannot pick and choose between the

---

[2] The Court notes Plaintiffs' reliance on *Padilla ex rel. Padilla v. Sch. Dist. No. 1*, 233 F. 3d 1268 (10th Cir. 2000), and *Fowler v. Unified Sch. Dist. No. 259*, 128 F.3d 1431 (10th Cir. 1997), for the proposition there can be no retroactive application of amendments to the IDEA. However, neither *Fowler* nor *Padilla* dealt with procedural changes to the IDEA rather than substantive changes. The Court agrees, of course, that substantive changes to the IDEA may not be applied to cases or administrative proceedings that were already pending when the IDEA was changed.

statutory amendment and the changes to the New Mexico special education regulations. In other words, they maintain that if the amended statute applies to this case, the new thirty-day filing period created by the amended regulations should also apply. Unlike the statutory amendments, however, the amendments to the regulations specifically state they apply to "due process requests received by SEB after July 29, 2005." NMAC 6.31.2.13(I)(28). The request for a due process hearing in this case was filed prior to that date, in May of 2005; therefore, the new thirty-day time limit established by the amended regulation does not apply to this case.[3] Thus, for purposes of this case the State did not have an explicit time limitation as to when Defendants were required to initiate their civil action, and the ninety-day period allowed by Congress applies. Defendants filed their civil action thirty-four days after the administrative decision, making the action timely. Plaintiffs' motion to dismiss will be denied.[4]

## ORDER

Based on the foregoing memorandum opinion, it is ORDERED that the motion to dismiss filed by Plaintiffs (Doc. 31) be, and hereby is, DENIED.

---

[3] The substantive/procedural distinction that caused the 2004 IDEA amendments to apply to this case is of no effect where the amended special education regulations are concerned, because those regulations explicitly establish their "temporal reach" -- they govern only administrative proceedings initiated after July 29, 2005 . *See Landgraf* (if Congress has established the temporal reach of a statute, that is the end of the inquiry).

[4] Due to the Court's resolution of this issue, it is not necessary to address the question of whether the three-day mailing rule might apply to this case.

7

Dated this 4th day of May, 2007.

_____
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**