IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

DENNIS and PAMELA MONTOYA,
on behalf of J.M.,

  Plaintiffs/Appellees,

v.           No. CIV 06-200 and 06-209 BB/LAM
                (consolidated cases)

MARY AGNES MARTINEZ and
ESPANOLA PUBLIC SCHOOLS, et al.,

  Defendants/Appellants.


**MEMORANDUM OPINION AND ORDER**

  This case consists of two consolidated actions. One of the cases was filed by Plaintiffs and is a lawsuit for damages arising out of alleged violations of several federal statutes. The other case was filed by Defendant Espanola Public Schools ("EPS") and is essentially an appeal of administrative decisions issued by an administrative officer ("AAO") appointed by the New Mexico Public Education Department. This opinion addresses motions filed by both parties that are relevant to the administrative-appeal portion of the case, as well as jurisdictional issues raised by the parties. The motions disposed of in this opinion include Plaintiffs' motion for summary judgment or judgment on the administrative record (Doc. 91); a motion by EPS to designate additional evidence (Doc. 92); a motion filed by EPS under Rule 56(f) of the Rules of Civil Procedure (Doc. 100); and a motion by Plaintiffs requesting that the Court disregard the motion to designate additional evidence and either strike that motion or summarily affirm (Doc. 112). One motion only partially addressed is a motion to dismiss or for summary

1

judgment filed by EPS, which includes arguments directed at both the administrative-appeal portion of this case and the damages-action portion (Doc. 119).[1]

## PROCEDURAL HISTORY

The procedural history of this case is somewhat complicated, primarily due to the statutes involved and the varying remedies that are available to litigants in cases such as this one. Plaintiffs Dennis and Pamela Montoya are the parents of Jeremy Montoya, who is also a Plaintiff and is a student in the EPS system who was allegedly eligible for special education services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* Jeremy's parents initiated administrative proceedings in the form of a "due process hearing" in an effort to obtain such services for Jeremy. Such a hearing is authorized by Section 1415(i) of the IDEA as well as New Mexico's special-education regulations, NMAC 6.31.2.13(I). The version of the special-education regulations that was in effect at the time also allowed the hearing officer ("DPHO") to consider and rule on claims raised under Section 504 of the federal Rehabilitation Act, 29 U.S.C. § 794. Following a three-day hearing, the DPHO ruled in favor of Plaintiffs on both the IDEA issues and the Section 504 claim. Defendant EPS appealed those determinations to a second tier of administrative review, conducted by the AAO referenced above. No new evidence was presented to the AAO. Although the AAO

---

[1] The Court expects to issue another opinion shortly, addressing motions that concern the merits of Plaintiffs' claims for damages. Should unforeseen circumstances prevent the timely issuance of such an opinion, the Court will at minimum issue an order stating the Court's disposition of these motions, prior to the settlement conference scheduled on May 27th, 2008. Also, the Court recognizes there is an issue as to whether "EPS" is a proper entity to be sued, or whether Defendant should be called the Board of Education of EPS. In this opinion, the Court uses "EPS" as shorthand to refer to whatever entity represents the Espanola Public Schools and has the capacity to sue and be sued. That issue will be addressed in the Court's subsequent opinion.

reversed certain decisions made by the DPHO, such as a decision concerning tolling of the IDEA statute of limitations, the AAO also ruled in favor of Plaintiffs on both the IDEA claims and the Section 504 claim.

Following the AAO's decision, Plaintiffs filed a civil complaint in this Court, seeking monetary damages under Section 504, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983. Plaintiffs also sought an award of their attorney's fees and costs incurred in litigating the due-process hearing and second-tier administrative appeal. A short time later, EPS also filed a complaint in this Court, essentially seeking review of the AAO's administrative decision concerning both the IDEA claims and the Section 504 claim. As a result of motions concurred in by all parties, these two cases have been consolidated into the current action.

The consolidation of these two completely different types of actions into one case is not without its complications. Plaintiffs have requested a jury trial in their action for damages, while it is this Court's responsibility to perform the review of the AAO's administrative decision. In addition, a number of the legal issues in the two cases overlap, which has raised a question discussed extensively by the parties and which will be addressed in the Court's subsequent opinion – what preclusive effect, if any, should be given to either the administrative decisions made below, or to this Court's determinations affirming or reversing those administrative decisions? Further complicating matters, the parties now suggest (with little discussion) that this Court has no jurisdiction to review the Section 504 portion of the administrative decision made by the state administrative entity.[2] This has not been an easy question to answer, and it has consumed time and

---

[2]It is not clear to the Court why EPS, having invoked the Court's jurisdiction to review the Section 504 decision, now maintains such jurisdiction does not exist. It might be

3

resources that could have been spent addressing the merits of the parties' motions, or reviewing the administrative record.

## DISCUSSION

**Court's Jurisdiction Over Section 504 Appeal:** In the course of addressing this issue, the Court will first decide another jurisdictional question raised by EPS. EPS maintains the state administrative proceedings should not have dealt with Section 504 at all, because neither the DPHO nor the AAO had any authority to make a decision concerning the Rehabilitation Act. EPS points out that nothing in the Rehabilitation Act grants any authority to the states to create an administrative procedure under which Section 504 claims may be raised. A federal regulation promulgated by the Department of Education, however, not only allows states to create such a procedure, but actually requires they do so. *See* 34 C.F.R. § 104.36. This regulation further provides that one means of meeting this requirement is compliance with the procedural safeguards found in the IDEA statute – in other words, the due process hearing and subsequent review that has occurred in this case. *Id.* The only reason, therefore, that the administrative procedure employed in this case might not be effective would be if holding administrative proceedings somehow constituted a violation of the Rehabilitation Act.

The Act's mere silence regarding administrative proceedings does not mean such proceedings are automatically prohibited. *Cf. Traynor v. Turnage*, 485 U.S. 535, 542 (1988) (presumption in favor of judicial review of constitutionality of a statute may be overcome only by clear and convincing showing of contrary legislative intent). In fact,

---

possible to find that, by arguing against this Court's jurisdiction, EPS has abandoned its appeal of the Section 504 decision. However, EPS does state that, should the Court find it has jurisdiction to review the decision, the decision should be reversed. Giving EPS the benefit of the doubt, the Court will not find EPS has abandoned its appeal.

the Act is also silent concerning the availability of a private right of action to enforce Section 504, yet courts have held that an implied right of action exists. *Roberts v. Progressive Independence, Inc.*, 183 F.3d 1215, 1222, n. 6 (10th Cir. 1999). If the federal Department of Education determines that states will be required to establish administrative procedures as an alternative means of enforcing the requirements of Section 504, the Court is not aware of any reason such procedures should not be allowed.[3]

The next question, then, is whether this Court may review a decision made during the state administrative process that has been established. This question can be subdivided into two different inquiries: first, whether any court may review administrative decisions concerning Section 504; and second, whether such judicial review can occur in federal court or is limited to state court. There is nothing in Section 504 that authorizes any court to review administrative decisions concerning that act, which is not surprising since the Rehabilitation Act is completely silent concerning administrative proceedings. In New Mexico, however, virtually every decision made by

---

[3] It would seem the only reason such state proceedings should not be allowed would be if administrative proceedings are somehow preempted by the Rehabilitation Act. A quick review of general preemption law indicates that is not the case. For example, no express preemption exists here; the Act is silent concerning means of enforcing its provisions, so does not expressly prohibit administrative proceedings. Furthermore, so-called "field preemption" is not present because Congress has not established a federal scheme of regulation that is so pervasive it leaves no room for supplementation by the states. In fact, the states are in charge of local education, and act cooperatively with the federal government in the field of educating handicapped individuals. Finally, there is no "conflict preemption" because providing a state administrative procedure as an additional (and presumably quicker) means of enforcing Section 504 does not stand as an obstacle to the accomplishment of the "full purposes and objectives of Congress." *See Southwestern Bell Wireless Inc. v. Johnson County Bd. of County Com'rs*, 199 F.3d 1185 (10th Cir. 1999) (discussing three types of federal preemption); *cf. Muncy v. Norfolk Western Ry. Co.*, 650 F.Supp. 641, 644 (S.D. W.Va. 1986) (no Rehabilitation Act preemption of parallel or supplemental state statute and procedures).

an administrative tribunal is subject to judicial review of one type or another. In cases such as this one, where there appears to be no explicit statutory authorization for judicial review, the review is provided by way of writ of certiorari. *See* NMRA 1-075 (rule governing writs of certiorari to administrative officers and agencies when there is no statutory right to appeal or other review); *Smith v. City of Santa Fe*, 171 P.3d 300, 306 (N.M. 2007) (noting that while certiorari is usually the only means of review available in such cases, a declaratory judgment action may also sometimes be appropriate to challenge actions by an administrative agency). The Court views the action filed by EPS in this case as sufficient to be considered a petition for writ of certiorari that complies with Rule 1-075.

The second and more difficult question is whether the certiorari review can be had in federal court or is limited to state court. Ordinarily, of course, review of state administrative decisions is performed in state district or appellate courts. *See, e.g., Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380, 386 (4th Cir. 2000) (generally federal courts review federal agencies and state courts review state agencies). The Supreme Court, however, has determined that if a federal district court has original jurisdiction over one claim in a case, that court can also exercise supplemental jurisdiction over an administrative appeal from a state administrative body, even if that administrative appeal is on the record rather than *de novo*. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 166-67 (1997). That is the situation here – EPS has filed an action under IDEA that clearly may be brought in federal court as an original action. 20 U.S.C. § 1415(i)(2)(A) (party aggrieved by an administrative decision under IDEA may bring a civil action in either state court or federal court). Furthermore, the action filed by EPS has been consolidated with a lawsuit filed by Plaintiffs, raising

6

federal causes of action under Section 504, the ADA, and § 1983. Since there are a number of claims in this case arising under the Court's original jurisdiction, under *College of Surgeons* this Court may exercise supplemental jurisdiction over EPS' challenge to the AAO's decision holding that EPS violated Section 504.[4]

**Evidence Court Will Consider In Addressing IDEA Action:** As the Tenth Circuit has noted, Congress "has set out rather unique rules governing the review of liability in IDEA claims." *Garcia v. Bd. of Educ. of Albuquerque Pub. Schs.*, 520 F.3d 1116, 1125 (10th Cir. 2008). The district court is required to review the record of the administrative proceeding, but also under certain circumstances must "hear additional evidence at the request of a party" and make a decision based on the preponderance of the evidence. *Id.* The district court's review is called a *de novo* review, even though the court must give "due weight" to the administrative proceedings, and especially to facts found during those proceedings. *Id.* In this case, EPS has asked the Court to "hear additional evidence" by filing a motion designating such evidence for the Court to consider.

Before addressing the merits of the attempt to designate additional evidence, the Court must decide whether to consider EPS' motion at all. Plaintiffs have filed a motion essentially asking the Court to disregard or strike the motion designating additional evidence. Plaintiffs maintain the motion was filed after the deadline established by the Magistrate Judge, and therefore should not be considered. Plaintiffs argue that the

---

[4] Of course, the existence in the same case of an administrative appeal concerning Section 504, as well as a lawsuit for damages under the same Section, gives rise to its own set of complications. At this point, however, the Court decides only that it does indeed have jurisdiction over what is in essence an administrative appeal, even though under New Mexico's rules it is styled as a certiorari action.

deadline for filing the motion was either December 21st of 2007 or, at the latest, December 24th. They also argue it does not matter that the district court was closed on December 24th, by order of the Chief Judge, because EPS could have filed its motion electronically. Therefore, Plaintiffs maintain the motion, which was filed on December 26th, was either five days late or at minimum two days late. The Court cannot accept any of these arguments. By Plaintiffs' own admission, the December 21st date was contained in an order that, while stipulated, was never filed with this Court. Furthermore, this Court was closed on December 24th, and the Court will not punish EPS for assuming the motion did not need to be filed on that date, even if that assumption might not have been correct and might possibly have resulted in a technical violation of Rule 6, FRCP.[5] The bottom line is that the two-day, or even five-day, delay in the filing of the motion caused little or no prejudice to Plaintiffs, and the Court will not impose the drastic sanctions requested by Plaintiffs. Their motion to either summarily affirm or strike EPS' motion designating additional evidence will therefore be denied.

As to the merits of the motion, however, Plaintiffs' arguments are for the most part correct. The IDEA provision, by stating the Court must "hear additional evidence at the request of a party," sounds like an open-ended invitation to the parties to submit whatever additional evidence they would like (subject of course to the Federal Rules of Evidence). This is not how courts have interpreted the provision, however. In order to ensure that review of an IDEA case does not become completely *de novo*, courts have severely restricted the circumstances under which additional evidence may be considered

---

[5]The Court expressly does NOT decide whether Rule 6 was technically violated in this case; the Court will not expend the effort to analyze the rule where, as in this case, it does not make a difference in the result.

by the district court. *L.B. ex rel. K.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004) (additional evidence received by the district court must be "merely supplemental to the administrative record."); *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 455 F.Supp.2d 1286, 1302 (D.N.M. 2006). Some reasons for allowing additional evidence to be submitted include gaps in the administrative record due to mechanical failure, unavailability of a witness, improper exclusion of evidence by the administrative agency, or the existence of evidence concerning relevant events occurring subsequent to the administrative hearing. *Miller*. Witnesses who testified during the administrative proceedings will not be allowed to repeat or embellish their testimony at the district court level, and in fact there is a rebuttable presumption against allowing them to testify at all. *See Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993); *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790-91 (1st Cir. 1984). The district court must also keep in mind the unfairness of allowing one party to reserve its best evidence for the judicial-review stage. *Ojai; see also Miller*, 455 F.Supp. at 1302. In sum, a reading of the case law indicates that the party asking to present additional evidence must have a good reason to do so, and cannot be simply attempting to make up for shortcomings in their litigation of the administrative proceedings.

      EPS seeks to supplement the administrative record with the following additional evidence: (1) a deposition of Barbara Warren, the expert who evaluated Jeremy in 2002 but who was undergoing treatment for cancer at the time of the due-process hearing and did not testify; (2) a report and deposition of Edward Dragan, an expert retained by EPS for purposes of this lawsuit; (3) depositions of Plaintiffs Pamela Montoya and Jeremy Montoya; (4) a deposition of Mary Agnes Martinez, who was the special-education director for EPS during much of the time relevant to the IDEA case; (5) a deposition of

9

Ruben Lucero, who testified on behalf of EPS at the due-process hearing and was an assistant principal during relevant time periods; and (6) a speech and language evaluation performed by Susan Knox in January 2006, a few months after the due-process hearing was held. Exercising its discretion, the Court will decline to consider much of this additional evidence.

Plaintiffs Pamela and Jeremy Montoya both testified at the due-process hearing, as did Ruben Lucero. EPS asks to submit their depositions merely to raise questions about the credibility of their testimony at the administrative hearing. However, just as witnesses who testified during the administrative process will not be allowed to repeat or embellish their testimony at the district-court level, those witnesses may not be impeached with testimony they have later provided at depositions. In other words, for IDEA purposes both sides will be given only one bite at the credibility apple, absent highly unusual circumstances that are not present here. Similarly, fact witnesses such as Mary Agnes Martinez, who could have been called as a witness at the due-process hearing but for unexplained reasons was not, will not be allowed to jump in at the judicial-review stage and provide their version of events.[6]

As to the new expert retained by EPS, Dr. Dragan, the Court will also decline to consider his report and deposition. EPS does not satisfactorily explain why expert testimony was not presented at the due-process hearing. Although EPS claims its then-attorneys "kept hoping that Ms. Warren would become available to testify" at the

---

[6]The Court's review of the administrative record reveals that EPS originally planned to call Ms. Martinez as a witness, and the DPHO held the record open and even bifurcated the hearing to allow EPS an opportunity to call her. EPS, however, then rested its case without calling Martinez and without explaining why her testimony was no longer necessary. EPS will not be allowed to now change strategy to make up for what may or may not have been a tactical error at the due-process-hearing stage of the proceedings.

10

hearing, and did not prepare other expert testimony as a result, there is nothing in the administrative record or in this Court's record establishing such facts. For example, EPS has not presented an affidavit or any information at all from its former counsel indicating the reason no expert testimony was presented at the due-process hearing. Absent such an explanation, the Court cannot accept current counsel's speculation as fact. Instead, so far as the Court can discern, the reason for the failure to present expert testimony below could have been a tactical decision, a desire to save money, or mere inadvertence. None of these constitutes a good reason to allow EPS to now submit expert testimony to attempt to attack the AAO's administrative decision.

With respect to the report from Susan Knox, the situation is somewhat different because Plaintiffs themselves have attached the report to one of their pleadings, and maintain the report supports the AAO's decision rather than contradicting it, indicating they do not actually contest whether the Court should consider that report. Since the report is already before the Court, the Court will review it as part of its review of the administrative record and will determine whether it has any impact on the AAO's decision. The Court will also keep in mind, however, that the report was prepared while the appeal from the DPHO to the AAO was still pending, yet EPS never asked the AAO to review and consider the report. These facts will have an impact on the Court's decision with regard to the value of the report for purposes of the administrative-review portion of this case.

The final piece of evidence to be considered is the deposition of Barbara Warren. As noted above, Ms. Warren was suffering from cancer at the time of the due-process hearing and did not testify. The administrative record is not completely clear on the issue of whether she was unable to testify, or was simply not called by EPS. As was the case

with Mary Agnes Martinez, EPS indicated Ms. Warren would testify and the DPHO set aside a date almost a month after the first portion of the hearing, at which both Ms. Warren and Ms. Martinez would presumably testify. Prior to that date, however, EPS rested its case without indicating why neither Ms. Warren nor Ms. Martinez would be called as a witness. Giving EPS the benefit of the doubt, however, the Court will treat Ms. Warren as an "unavailable witness" at the due-process hearing stage, and will allow admission of her deposition. EPS may therefore submit that deposition, within five days, for the Court's consideration.[7]

**Plaintiff's Motion for Summary Judgment As to the Administrative Decisions:** Plaintiffs have filed a motion for summary judgment asking the Court to affirm the AAO's decisions concerning IDEA and Section 504. Plaintiffs argue that the Court should not consider any additional evidence with respect to the IDEA claim,[8] and maintain that uncontradicted evidence presented during the administrative process establishes violations of both IDEA and Section 504. Plaintiffs recognize that according to the Tenth Circuit, summary judgment is not normally used in IDEA cases, and that the process is more appropriately termed a judgment on the administrative record. *See Nebo Sch. Dist., supra*, 379 F.3d at 974. This is because the district court does not usually engage in an analysis of whether any disputed facts exist, but simply reviews the administrative record under the appropriate standard of review. *Id.* Plaintiffs contend,

---

[7]The Court notes that a portion of the deposition has already been submitted as an exhibit to the reply brief, Doc. 128. If that is the only portion of the deposition EPS would like the Court to consider, EPS should notify the Court to that effect.

[8]As to the Section 504 claim, no such additional evidence should be considered. The review of that claim is a standard administrative appeal, based solely on a review of the record below.

however, that this case is an appropriate one in which to truncate the process by applying summary-judgment standards.

The Court's decision to consider additional evidence in the form of Barbara Warren's deposition undercuts Plaintiffs' argument considerably. In addition, however, the Court is committed to performing the review of the entire record required by the IDEA statute as well as by general principles of judicial review of administrative-agency decisions. For these reasons, Plaintiffs' motion for summary judgment on the merits of the administrative-review claims will be denied. As a result, the motion filed by EPS asking for relief under Rule 56(f), FRCP, is moot and need not be addressed.

## ORDER

Based on the foregoing memorandum opinion, it is ORDERED that Plaintiffs' motion for summary judgment or judgment on the administrative record (Doc. 91) be, and hereby is, DENIED; that the motion by EPS to designate additional evidence (Doc. 92) be, and hereby is, GRANTED in part and DENIED in part; that the Rule 56(f) motion filed by EPS (Doc. 100) be, and hereby is, DENIED as moot; and that Plaintiffs' motion to summarily affirm or strike a pleading (Doc. 112) be, and hereby is, DENIED.

Dated this 15th day of May, 2008.

_____
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**